UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SECURITY NATIONAL
INSURANCE COMPANY

CIVIL ACTION

VERSUS

NO. 13-78-JJB

BRAD MARTIN WELCH,
ERICKA MYERS AND JAMIE MYERS

### RULING ON DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on two motions to dismiss and will be considered together as the motions address the same questions of law and fact. Defendants Ericka Myers and Jamie Myers ("the Myers"), individually and on behalf of their minor son Peyton, have filed a motion to dismiss. (Doc. 12). Plaintiff Security National Insurance Company ("Security National") has filed an opposition (Doc. 17), to which the Myers have filed a reply. (Doc. 21). Defendant Brad Martin Welch ("Welch") has filed a motion to dismiss (Doc. 15)[1], to which Security National has filed an opposition. (Doc. 18). Welch did not file a reply. Oral argument is not necessary. For the reasons herein, the Court GRANTS the Defendants' Motions to Dismiss (Docs. 12 and 15).

I.

The following facts are taken from the complaint (Doc. 1)[2] and are accepted as true for the purposes of this motion. *See Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). On September 24, 2012, at approximately 6:25 p.m., Welch, who was driving his personal truck, turned into his driveway and fatally injured six year old Tyler Myers, who had fallen off his

---

[1] It appears that Welch copied and pasted the Myers brief and thus, the Court will reference the Myers brief only.
[2] Security National amended its complaint (Doc. 13) and the only amendment made to the complaint was that Security National is incorporated in Delaware and has its principal place of business in Texas. All other factual allegations were reiterated, and thus, the Court will rely on the initial complaint for the remaining factual allegations.

1

scooter and was either lying or sitting in the driveway.  Tyler's ten year old brother, Peyton Myers, witnessed the accident. On the date of the accident, Welch was an employee of Valentine & LeBlanc but he had ended work at 4:00 p.m. that day, and was not acting in the scope or course of his employment when he hit Tyler. Security National had issued a business auto policy to Valentine & LeBlanc, and Welch's truck was listed as a covered automobile.

The Security National policy provided that "[A]ny 'employee' of yours is an 'insured' while using a covered 'auto' you don't own, hire or borrow in your business or your personal affairs." (Doc. 1, ¶ 15). Security National asserts that Welch was not an insured person under the policy because at the time of the accident, he was not using the truck in the scope of his employment. Security National explains that "[i]n the event of a lawsuit filed by Mr. and Mrs. Myers, Security National will not owe indemnity or liability coverage to Brad Welch for any liability because Brad Welch was not an insured person[.]" (*Id.*, ¶ 17). Security National further explains that although the Myers had not filed suit at the time the complaint was filed, "it is expected that they will . . . before the one-year prescriptive period runs." (*Id.*, ¶ 18).

Security National is seeking a declaratory judgment from this Court that (1) Security National does not provide coverage or indemnity for the accident and (2) Security National will not owe Welch a defense if Welch is sued. Both the Myers and Welch have filed motions to dismiss, arguing that under the Abstention Doctrine, this suit should be dismissed, or in the alternative, realignment of the parties with respect to their ultimate interests will destroy diversity jurisdiction.

II.

It is well-established that district courts have discretion to retain or dismiss a declaratory judgment action. *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d

774, 778 (5th Cir. 1993). However, a district court abuses its discretion unless it "addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine." *Id.* The relevant factors that a district court must consider include:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 (5th Cir. 2003) (citation omitted).

Considering the first factor, there is a pending state action because the Myers filed a survival action and wrongful death petition in the 19th Judicial District Court on March 6, 2013. (Doc. 12, Ex. 2). Although there was no pending state court suit when Security National filed this suit, the Court concludes that the pending suit in the 19th Judicial District Court may properly be considered in this analysis. There are no federal law issues to be decided in this case and the Court finds that the matters are able to be fully litigated in state court.

Regarding the second factor, the face of the complaint clearly indicates that Security National filed this suit in anticipation that the Myers would file suit before the one year anniversary date of the accident. Regarding the third, fourth, and fifth factors, this Court has found that they "address the fairness concerns of forum selection." *Massachusetts Bay Insurance Co. v. Lewis*, 2011 WL 1261145 (M.D. La. 2011). The Myers asserts that Louisiana substantive

law would be applied, regardless of the litigation forum and both federal and state courts were equally convenient. Thus, the third and fifth factors are neutral.

However, the Myers assert that the fourth factor, whether there would be inequities if the declaratory action were maintained, warrant dismissal. The Myers argue that if this Court determined that "coverage is afforded, there would be no diversity in the tort action, yet Security National could impose an inequity . . . by arguing application of supplemental jurisdiction . . . in opposition to any attempt by plaintiffs to have their case heard in state district court." (Doc. 12 at 8). The Myers note that while the applicable exceptions in 28 U.S.C. § 1367(b) and (c) would apply, the potential for this procedural maneuver should be considered. However, the Court is not persuaded by this argument. Security National's purported goal was to resolve this issue quickly before the underlying state suit was filed. Thus, the fourth factor does not weigh in favor of dismissing the suit.

Turning to the sixth factor, the Myers argue that retaining this suit would not serve the purpose of judicial economy because the state court has jurisdiction to decide the issue of the tort claim, as well as the issue of the coverage claim. The Myers assert that there is no reason to have dual actions and in the event that there were appeals in either action, "parallel appeals would be pending in the U.S. Fifth Circuit and in Louisiana's First Circuit." (Doc. 21, at 5). Security National argues that judicial economy is served because there are narrow issues to be decided and "federal procedural rules promote a quick resolution of the coverage issue, Security National can file quickly its summary judgment motion, and little discovery on the motion will be needed." (Doc. 17 at 5).

The Court is inclined to agree with the Myers. Security National admits that this is a narrow issue and that it is likely to be resolved via summary judgment. Accordingly, there is no

reason that this issue needs to be determined by this Court. Additionally, as the Myers point out, if this Court retained the matter and found that there was coverage, Security National would then have to litigate in state court to argue the merits of the tort claim. Because a "federal district court should avoid duplicative or piecemeal litigation where possible," the Court finds that this factor weighs in favor of dismissing the action. *Sherwin-Williams Co.*, 343 F.3d at 391.

Finally, because there is no state judicial decree that this Court must construe, the Court need not consider the seventh factor. The Court finds that the factors weigh in favor of dismissing this action. The Court is not persuaded by Security National's argument that the Court should stay, rather than dismiss, this action. As discussed above, the issue of coverage can be litigated fully in the state court proceeding and any decision rendered by the state court will bind the parties. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (finding"[t]hat the court here stayed, rather than dismissed, the action is of little moment in this regard, because the state court's decision will bind the parties under principles of res judicata."). Accordingly, the Court will dismiss this action.[3]

III.

For the reasons stated above, the Court GRANTS Defendants' Motions to Dismiss. (Docs. 12 and 15).

Signed in Baton Rouge, Louisiana on May 14th, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] The Court will not address the issue of whether there is complete diversity between the parties as the Court has already determined that this matter should be dismissed.